Curia, -per

Harper, Ch.
Though it may not be easy ter define, by, a general rule, the class of cases in which a bill will lie for an account, yet, I think, there can be no doubt with respect to the present one. That an equitable jurisdiction exists in cases of complex and intricate accounts, between whatever parties, though an action might be maintained at law, and though no discovery be needed, the authorities have settled, beyond question. Such is the conclusion of Justice Story, whose work was cited in argument. (1 Sto. Eq. 433, §451. See, also, Mift. Pl. 96, and O'Connor vs. Spaight, 1 Sch. & Lef. 309.) It is true that, in some cases, it is said that there must be a series of mutual demands; not merely demands on one side and payments on the other. Yet, this *195 Is to ‘be taken with some qualification , for, in the case of The Corporation of Carlisle vs. Wilson, (13 Ves. 276,) though the demands were all on one side, and all of them admitted to be of a legal nature, yet the bill was held to lie. The question always is, whether there be an adequate remedy at law 1
The case stands on a different footing, when there is a relation of privity between the parties, such as that of bailiff, receiver, agent, or steward. It is said by Justice Story, and was -quoted in argument, that if the account is all on one side, and mo discovery be needed, the bill will not lie. But, if the bill is .against a person standing in such a relation of privity, it is always taken for granted, that a discovery is needed. It is said in McKenzie vs. Johnston, (4 Madd. 375,) that wherever the relation of agent exists, the bill will lie for an account. The party is entitled to discovery, and to have the account set out. It was where such a relation of privity existed, that the action of account lay at common law. (1 Bac. Ab. Tit. Accompt.) And is it questioned, but that the proceeding in Equity has .superceded the action of account! For the circumstances which rendered that action an inadequate remedy, see 1 Sto. Eq. 426, et seq; Jer. Eq. Jur. 504. A separate issue was sent Fy the auditor, to be tried upon every contested item.
But though a bill will lie against such an agent, upon a supposition that discovery is needed, will it lie in his favor, when he is not supposed to need any discovery? I know of no instance, within the Chancery jurisdiction, in which there is not a mutuality of remedy. A specific performance of a contract for the purchase of land is enforced in favor of the purchaser, because he is supposed to want the thing in specie. The vendor is also allowed to enforce it though there is no such reason, and he has plain and adequate remedy at law. It is a matter of familiar practice, that an executor comes into Court, to settle his accounts, and to be reimbursed, if he has advanced more than the parties were entitled to; though he *196 needs no discovery, and might recover, at law, money paid by mistake. It is not doubted, but that the action of, account lay, in favor of either party, that the balance on either side might be ascertained. A party may come to have an account allowed. (2 Caines. Ca. 1, 3, 52, 53.)
When it is said that there is plain and adequate remedy at law, in this case, I do not suppose the action oí account to be meant, which has so often been decided not to afford an adequate remedy. Let us examine the adequacy of the remedy in an action of assumpsit. In Chancery, the practice is, that the accounting party “discharges himself by his affidavit, without voucher, when the amount of the item is under 40s. and by his affidavit, with the production of the voucher, when the demand is above 40 shillings, if no objection be taken. If any party objects, the person must be examined to whom the money was paid; if this cannot be done, the signature to the voucher must be proved.” Bingham vs. Clanmorris, (12 Eng. C. C. R. 12.) If an objection be taken before the master, time is allowed to procure the necessary proof, and if the objection be. captiously and unnecessarily taken, the party may be made responsible in costs.
Very different is the case where the party comes before a jury. Here he must be prepared to prove by witnesses every charge that he has made, even to the smallest item of personal expenditure. Here is an account, containiug some hundreds of items, of money disbursed to a great number of individuals, many of them residing in other states. Preparatory to trial, it will be necessary to send commissions to prove the payments to these last,, at an enormous expense. All witnesses within the jurisdiction of the Court must be summoned personally. From their great number, it is not probable that all could ever attend at one time, and the plaintiff must either be indefinitely hung up, or submit to lose a portion of his demand. Once before the jury, there can be no time al *197 lowed to supply any deficiency of proof. It is not necessary that the defendant should object. He has only to be silent, and the plaintiff must produce his proof. The vouchers are signed in a great variety of hand writings, and there is no reason for supposing that the plaintiff will be able to find a single witness capable of proving more than one of them. There would be a different abuse from that which has existed in the action of account. There might be fifty contested issues to be tried under one. The answer of the defendant suggests several issues, which probably would be greatly litigated. It would be a mockery of justice and of the complainant to say that he has an adequate remedy at law. It is on such reasons that Lord Ridesdale says, (Milf. Pl. 96,) that “though accounts may be taken before auditors in a Court of Common Law: yet, a Court of Equity, by its modes of proceeding, is enabled to investigate, more effectually, long and intricate accounts in an adverse way, and to compel payment of the balance, which ever way it turns.” Such reasons governed in the case of The Corporation of Carlisle vs. Wilson. That was a bill to have an account of tolls which the defendant had become liable to pay for the last six years, by carrying goods through the streets of Carlisle. It was admitted that indebi-tatus assumpsit would lie, but, the Chancellor said, “how can a case of this kind be tried at the assizes; an account to be surcharged, upon which every inhabitant of Carlisle might be examined.”
This is very different from the case of a merchant, or even factor, who, by proving his own book, or, probably by the testimony of one or two clerks, might be able to prove his whole case. I do not mean to say, though some of the cases express it very generally, that a bill will lie against every agent, if only to do a single act, or it appears that no account is necessary. It is not practicable, however desirable, to draw, with perfect precision, the line of ju *198 risdiction. But, I am prepared to say, that where there is a continuing agency, and it is the business of the agent to disburse money to third persons, on account of his principal, a bill will lie for or against such agent. Such, I understand to be the case of the bailiff, receiver, or steward, and there is no reason applying to them, which will not apply with equal force in the present case. I think the decree should be affirmed.
Johnson, Ch., concurred.